# Hogg v. The State.

### Indictment for Carrying Concealed Weapons.

1. *Written charges; how may be explained.* — Section 2756 of the Revised Code, which requires written charges to be given or refused in the terms in which they are asked, does not forbid the court after giving a written charge, at the defendant's request, as to a particular phase of the testimony, from instructing the jury in another charge, that they must look to all the evidence and not a part of it, in forming their verdict.

2. *Concealed weapon; burden of proof as to exculpatory facts.* — The carrying of a weapon concealed not being denied, it is not error to instruct the jury, who have been previously charged as to the law of the case, "if they are not satisfied from all the evidence that the defendant had good reason to apprehend an attack" (that being the only defence) "they must find him guilty."

[Hogg v. State.]

APPEAL from Circuit Court of Covington.
Tried before Hon. P. O. HARPER.
The opinion states the case.

W. D. ROBERTS, for appellant. — The court below should not have qualified the charge given at appellant's request. 43 Ala. 45; 45 Ala. 89. Such action is in plain violation of the statute, and will necessitate a reversal.

JOHN W. A. SANFORD, Attorney General, *contra.* — 1. The charge given might properly have been refused. 39 Ala. 674. It certainly could not deprive the court of the right to explain it. *Morris* v. *State*, 25 Ala. 57; *Turbeville* v. *The State*, 40 Ala. 715.

2. The latter part of the last charge of the court is good law. It is couched in language almost identical with the statute. Independent of this, it is correct as to the burden of proof. 40 Ala. 271; 27 Ala. 272.

MANNING, J. — The appellant was indicted, under section 3555 of the Revised Code, for carrying a pistol concealed about his person. The evidence being in, and the court having charged the jury, defendant asked the court to give the following charge in writing: "That if the jury believed from the evidence that Mr. Kilpatrick" (one of the witnesses) "informed the defendant, before the carrying of the concealed weapons, that he had been informed by Miss Williams that Mr. Barrow had hired two negroes to waylay and kill the defendant, that they may look to it to see whether the defendant had good reasons to apprehend an attack, and if they so found that defendant had good reasons to apprehend such an attack, then they must find the defendant, *not guilty*." "The court gave said charge, and further charged the jury that they must look to all of the evidence, and not a part of it, and look at all of the surrounding circumstances, and if they were not satisfied from the evidence that defendant had good reasons to apprehend an attack, then they must find the defendant 'guilty.' And to the court giving said further charge, the defendant excepted."

It has been decided by this court, that when charges from a court to the jury are asked in writing, they must be given or refused, according to section 2756, " in the terms in which they are written," without qualification by the court. *Edgar* v. *The State*, 43 Ala. 45; *Knight* v. *Clements*, 45 Ib. 89; *Lyon & Co.* v. *Kent et al.* 45 Ib. 656.

But the statute does not declare, that the judge shall not thereafter open his mouth to the jury on the subject of their

[State v. McDuffie.]

duty in the cause. This court has held that he may explain such charge. *Morris* v. *The State*, 25 Ala. 57 ; *Turbeville* v. *The State*, 40 Ib. 715.

The charge asked and given in this cause might have led some of the jurors to understand that its effect was to make their verdict depend chiefly or especially on Kilpatrick's testimony. If the judge was of this opinion, it was not illegal for him to inform the jury that it was their duty to keep in mind the other evidence also, and let their verdict be predicated upon a just and impartial view of the whole. No upright judge will avail himself of the authority to do this, for the purpose of overturning the charge which he has given to the jury upon the application of a party, and which the jury take in writing with them, on their retirement to make up their verdict. This is a means provided by the statute of preventing the jury from being misled as to the law of the case.

There was no dispute as to the fact that defendant did carry a pistol concealed about his person. In order to exonerate him from a violation of the law in doing so, it might be shown that he had "good reason to apprehend an attack." This was an exculpatory fact, to be established in order to entitle the defendant to a verdict of not guilty. And the further charge excepted to does not improperly so instruct the jury.

It certainly seems from the evidence set forth in the bill of exceptions, that the exculpatory fact was pretty clearly proved. But we cannot tell what weight the jury, in view of the manner of testifying on the part of the witnesses, thought proper to give to the evidence on that point. If it ought to have prevented a verdict of guilty, a motion to set aside the verdict and grant a new trial made to the court below was the proper mode of correcting the error.     The judgment is affirmed.